**\*\*\*NOT FOR PUBLICATION\*\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TED CLEMONS and GRACIE CLEMONS
a/k/a MAXINE CLEMONS, individually
and on behalf of their minor children,
HENRY CLEMONS, SHI-ANNE CLEMONS,
ISAAC CLEMONS and ANGEL CLEMONS,     Civil Action No. 10-cv-4577 (FLW)

Plaintiffs,

v.                                   **OPINION**

CITY OF TRENTON, et al,

Defendants.

1. Presently before the Court is Defendant City of Trenton's ("Defendant's") motion to dismiss certain counts of Plaintiffs' Complaint, to wit: the Third Count through Seventh Count for failure to state a claim for which relief could be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. Plaintiffs' Complaint asserts eight federal and state law claims against the City of Trenton, the City of Trenton Police Department, and unnamed officers who allegedly assaulted plaintiffs by falsely arresting them and searching their home without a warrant, in connection with the police chase of a third-party who ran into their home.

3. Plaintiffs' counsel was served a copy of the motion via regular mail and the Court's electronic filing system on September 14, 2010, but no opposition was

filed.

4. When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).

5. Defendant argues that the Third, Fourth, and Fifth Counts must be dismissed because they allege violations of criminal statutes. Defendant is correct that alleged violations of criminal statutes may not serve as the basis for civil claims. See Baratta v. City of New Brunswick, Civil Action No. 10-1020, 2010 WL 4867390, at *8 (D.N.J. Nov. 23, 2010). Thus, these counts must be dismissed.

6. In addition, Defendant argues, the Sixth and Seventh Counts must be dismissed because they allege failure-to-supervise and failure-to-train claims, which are not cognizable under New Jersey state law. In both the Sixth Count and the Seventh Count, Plaintiffs allege that: "Under New Jersey Statute and case law a principle is equally liable if his agent commits a tortuous act, and the principle [sic] could have foreseen the act and did not take the necessary procedures to prevent it." Compl., Sixth Count, ¶ 3; Seventh Count, ¶ 3. Both counts go on to state that "[t]he failure of Trenton and the [Trenton Police Department] to properly train [and supervise] their officers is a substantially contributing factor to the aforementioned agents committing the tortuous acts [committed by the police officers] ...."

7. While failure-to-supervise and failure-to-train claims may be brought under 42 U.S.C. § 1983, Plaintiffs' Complaint does not point to any New Jersey statutory provision or case law providing for such claims. Nonetheless, New Jersey permits assertion of claims against municipalities for negligent supervision of their employees. See Hoag v. Brown, 397 N.J.Super. 34, 54 (App. Div. 2007). Furthermore, New Jersey also permits claims against a municipality based on the negligent, but not willful, actions of a municipality's employees. See id. at 53-54 (describing vicarious liability permissible under New Jersey's Tort Claim Act). Here, it is alleged that Plaintiffs filed a Tort Claim Notice. Compl., ¶ 1. Accordingly, these counts will not be dismissed.

8. For the foregoing reasons, Defendant's motion is granted with respect to the Third Count through the Fifth Count of Plaintiffs' Complaint, but denied with respect to the Sixth and Seventh Counts.


Dated: January 19, 2011                             /s/ Freda L. Wolfson
                                                    Honorable Freda L. Wolfson
                                                    United States District Judge